**KILPATRICK TOWNSEND &**
**STOCKTON LLP**
Lisa Pearson (LP 4916)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INDUSTRIA DE DISEÑO TEXTIL, S.A. AKA INDITEX, S.A. and ZARA USA, INC., | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| ZARA TEREZ LLC, | |
| Defendant. | |

Plaintiffs Industria de Diseño Textil, S.A. aka Inditex, S.A. ("Inditex") and Zara USA, Inc. ("Zara USA") (collectively, "Zara" or "Plaintiffs"), by and through undersigned counsel for their complaint allege as follows:

### SUBSTANCE OF THE ACTION

1.      Plaintiffs' ZARA brand is one of the world's largest, best-known, and most successful fashion and lifestyle brands, offering a compelling blend of fashion, quality, and price. The prestigious brand consultancy company Interbrand identified ZARA as the 36th most valuable brand in the world in its 2014 and 2013 "Best Global Brand" rankings, valued at over $12 billion in 2014, and ranked it above such famous fashion brands as GUCCI, HERMES,

1

PRADA, BURBERRY, RALPH LAUREN, and GAP.  The ZARA brand is one of the most well-known fashion brands in the world.

2.      Since it was founded in Spain in 1975, ZARA has become a truly global vertically-integrated brand.  Worldwide, Zara has over 2,000 ZARA stores and over 400 ZARA HOME stores in 88 countries all branded with Zara's well-recognized ZARA and ZARA HOME logos:

ZARA      ZARA HOME

3.      Zara opened its first ZARA retail store in the U.S. in 1989 and now has over 53 stores in the U.S.  In 2009, Forbes identified ZARA as one of "America's Favorite Foreign Retailers."  Zara also sells its products through its authorized e-commerce website *zara.com,* launched in September 2011, and *zarahome.com,* launched in October 2012.  ZARA offers a broad range of fashion-forward, privately branded ZARA clothing, footwear, accessories, handbags, jewelry, and other products for women, men, and children at affordable prices.

4.      Zara has built enormous good will in the family of ZARA-formative marks it uses to identify its goods and services in the U.S. and elsewhere, including but not limited to ZARA, ZARA BASIC, ZARA WOMAN, ZARA MAN, ZARA KIDS, ZARA BOYS, ZARA GIRLS, ZARA BABYGIRL, ZARA BABYBOY, ZARA ACCESSORIES, ZARA JEANS, ZARA KNITWEAR, ZARA UNDERWEAR, ZARA HOME, ZARA HOME KIDS, ZARA FOR MUM, TEXTURES ZARA, ZARA STUDIO, ZARA MINI, ZARA W&B, ZARA TRF, and ZARA TRAFALUC (the "ZARA Marks").  Inditex owns a worldwide portfolio of trademarks and service mark registrations for its famous ZARA mark and variants thereof.

5.     Well after Zara had established its hugely successful ZARA brand in the U.S. market, Defendant Zara Terez LLC ("ZT") introduced a line of high-priced handbags under the mark and trade name ZARA TEREZ and variants thereof (collectively, the "ZARA TEREZ Marks").  Notwithstanding the U.S. Patent and Trademark Office's ("USPTO") refusal to register ZT's ZARA TEREZ Marks due to the likelihood of confusion with Zara's then-registered ZARA Marks, and notwithstanding ZT's actual notice of Zara's objections to the ZARA TEREZ Marks, ZT has since dramatically expanded its use of the marks, transitioned from a cursive presentation to block letters, and lowered its price points.  In willful disregard of Zara's prior trademark rights, ZT now uses the ZARA TEREZ Marks to brand its e-commerce retail services and a wide variety of clothing and fashion accessories for men, women and children, as well as home goods such as pillows, offered at price points comparable to Zara's price points.

6.     ZT's use of the ZARA TEREZ Marks to identify its goods and online retail services is likely to create, and has created, confusion in the marketplace as to the affiliation between the parties and is likely to dilute, and has diluted, the ZARA Marks.

7.     ZT's actions are causing irreparable harm by creating consumer confusion, trading on Zara's fame and goodwill, and damaging and diluting the valuable trademark rights that Zara has spent decades developing and protecting.  Zara therefore brings this action for trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the law of New York, N.Y. GBL § 360-l;

3

unfair and deceptive trade practices under the laws of several states, including New York, N.Y. GEN. BUS. Law § 349; and unfair competition under common law.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.

9.      This Court has personal jurisdiction over ZT because ZT, a New York limited liability company, resides in this district, does business in this district, and offers its goods and services under the infringing marks and trade name at issue within the State.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b) and (c).

## PARTIES

11.     Industria de Diseño Textil, S.A. (also known as Inditex, S.A.) is a Sociedad Anónima duly organized and existing under the laws of Spain, with a principal place of business at Edificio Inditex, Avenida de la Diputación, 15142 – Arteixo, A Coruña, Spain.  Inditex sells ZARA-branded clothing, footwear, accessories, handbags, jewelry, and home products, among other goods, through its ZARA and ZARA HOME retail stores, as well as through the authorized e-commerce websites *zara.com* and *zarahome.com*, to consumers in the U.S. and worldwide. Inditex is the owner of all trademark rights in the ZARA Marks (among other marks) in the U.S.

12.     Zara USA, Inc. is a corporation organized and existing under the laws of New York, with a principal place of business at 645 Madison Avenue, New York, New York 10022. Zara USA, a wholly-owned subsidiary of Inditex, is licensed to do business in the state of New

US2008 7303641 1

York and operates 53 ZARA brick-and-mortar retail stores in the U.S., including seven located in New York in this judicial district.  Zara USA holds the exclusive license to operate ZARA brick-and-mortar retail stores in the U.S.

13.     Upon information and belief, Zara Terez LLC is a New York limited liability company, with a place of business located at 555 Eighth Avenue, Suite 302, New York, New York 10018.  ZT sells clothing, accessories and home products on its e-commerce website **zaraterez.com**, as well as through third-party retailers and other distributors, and transacts business in this judicial district and throughout the U.S.

## FACTS

The ZARA Brand

14.     The ZARA brand is today one of the world's largest, best-known, and most successful fashion brands.  Zara offers a wide variety of affordable clothing, footwear, accessories, handbags, jewelry, and home products for women, men, and children, among other goods, under the ZARA Marks.  Zara sells its products through ZARA and ZARA HOME retail stores, as well as through Zara's ZARA and ZARA HOME e-commerce websites, to consumers worldwide.

15.     Zara opened its first ZARA retail store in Spain in 1975.  Since the opening of this store, Zara has continued to open new ZARA stores worldwide and, in 1989, Zara opened the first ZARA store in the U.S., located in New York.  Today there are over 2,000 ZARA stores in 88 countries worldwide, including 53 ZARA stores in the U.S. (seven of which are located in New York).  Consumers in the U.S. can also purchase ZARA products via the e-commerce

5

website *zara.com*, launched in September 2011.  There is also a robust secondary market for ZARA products at retail outlets such as *amazon.com*.

16.     Based on the success of the ZARA fashion brand, Inditex introduced the ZARA HOME brand in 2003, offering a wide variety of ZARA HOME-branded home products, including bed, table, and bath linens, tableware, cutlery, glassware, and decorative items, among other goods.  Today, there are over 400 ZARA HOME stores in 45 countries worldwide and consumers in the U.S. can purchase ZARA HOME goods through the e-commerce website *zarahome.com*, launched in October 2012.

17.     The ZARA fashion brand and ZARA HOME brand generated over $15.7 billion in net sales globally in fiscal 2014, including almost $800 million in net sales to consumers in the U.S.

18.     Zara has built enormous good will in the family of ZARA Marks it uses to identify its goods and services in the U.S. and elsewhere.

19.     The ZARA and ZARA HOME stores offer a compelling blend of fashion, quality and price, displayed in attractive stores located in prime locations on premier commercial streets and in upscale shopping centers.  Zara's in-house design and production capabilities enable it to offer fresh designs at its ZARA and ZARA HOME stores and on its e-commerce websites twice a week throughout the year.  Zara produces approximately 12,000 different styles each year for its ZARA stores—perhaps five times as many as a comparable retailer would typically produce.

20.     Over the course of its 40 years of operation, Zara has won a loyal customer base, and the ZARA brand has become one of the most recognized and valuable fashion and lifestyle

US2008 7303641 1

brands.  An article in The New Yorker described Zara as "possibly the most innovative and devastating retailer in the world."  *See* Surowiecki, J., "The Most Devastating Retailer in the World", The New Yorker, Sept. 18, 2000, a true and correct copy of which is included in Exhibit A hereto.

21.     The strength and value of the ZARA brand has been consistently and frequently recognized in brand awareness and brand value surveys, including, by way of example, the following:

a.      Interbrand has consistently recognized the ZARA brand as one of the world's best and most valuable brands.  Interbrand ranked ZARA as the 36th most valuable brand in the world in its 2014 and 2013 "Best Global Brand" rankings, valued at approximately $12.126 billion in 2014.  ZARA ranked above GUCCI, HERMES, PRADA, BURBERRY, RALPH LAUREN, and GAP, among other well-known fashion and lifestyle brands.

b.      Millward Brown Optimor ("MBO"), the world's second largest market research organization, ranked the ZARA brand as the 42nd, 37th, and 35th most valuable brand in the world in its 2015, 2014, and 2013 "Brandz Top 100 Most Valuable Global Brands" rankings, respectively, above GUCCI and HERMES, among other well-known fashion and lifestyle brands.

c.      Forbes ranked the ZARA brand as 58th, 51st, and 52nd most valuable brand in the world in its 2015, 2014, and 2013 "World's Most Valuable Brands" rankings, respectively, above COACH, PRADA, CHANEL, and RALPH LAUREN, among other well-known fashion and lifestyle brands.

7

True and correct copies of Interbrand's "Best Global Brands" rankings from 2014 through 2007, MBO's "Brandz Top 100 Most Valuable Global Brands" rankings from 2015 through 2007, and Forbes' "World's Most Valuable Brands" rankings from 2015 through 2013 are attached hereto as Exhibit B.

22.     The ZARA brand has also been the subject of extensive media coverage, including, by way of example only, the following articles in leading U.S. publications:

a.     In 2012, The New York Times published an article about the phenomenal success of the ZARA brand, describing it as "the World's Largest Fashion Retailer." *See* Hansen, S., "How Zara Grew Into the World's Largest Fashion Retailer", The New York Times, Nov. 9, 2012.

b.     In 2009, 2013, and 2015, Forbes reported on the strength and success of the ZARA brand, declaring it one of "America's Favorite Foreign Retailers" and "the leader in rapid development of fast changing fashions." *See* Sherman, L., "America's Favorite Foreign Retailers", Forbes, March 24, 2009; Loeb, W., "Zara's Secret to Success: The New Science of Retailing", Forbes, Oct. 14, 2013; and Loeb, W., "Zara Leads in Fast Fashion", Forbes, March 30, 2015.

c.     In 2014, The Wall Street Journal described the ZARA brand as a "'Fast Fashion' Pioneer" and "the world's largest fashion retailer by revenue." *See* Chu, K., "Why Zara is a 'Fast Fashion' Pioneer", The Wall Street Journal, June 24, 2014.

True and correct copies of the above-referenced articles are included in Exhibit A hereto.

23.     Because of Zara's exclusive and extensive use of the ZARA Marks, the marks have acquired enormous value, and are recognized as identifying and distinguishing Zara as the source of products sold under the marks.  Inditex owns strong common law rights in the ZARA Marks in the U.S. by reason of its extensive and continuous use.

24.     In addition, Inditex owns numerous U.S. trademark registrations for the ZARA Marks for, *inter alia*, clothing, footwear, and accessories, as well as retail services, including, *inter alia*, Reg. No. 1,922,163 for ZARA; Reg. No. 2,038,110 for ZARA; 2,392,637 for ZARA; Reg. No. 2,611,596 for ZARA; Reg. No. 2,653,040 for ZARA BASIC; 2,947,011 for ZARA; Reg. No. 2,956,406 for ZARA; Reg. No. 2,987,219 for ZARA HOME; Reg. No. 3,835,143 for ZARA HOME (Stylized); Reg. No. 4,030,529 for ZARA; Reg. No. 4,051,445 for ZARA FOR MUM; Reg. No. 4,188,603 for ZARA BASIC; and Reg. No. 4,586,706 for ZARA HOME.  All of the foregoing registrations are valid, subsisting, and in full force and effect.  Reg. Nos. 1,922,163 and 2,038,110 for ZARA are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and so serve as conclusive evidence of Inditex's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the registrations listed above are attached hereto as <u>Exhibit C</u>.

<u>ZT's Use of The ZARA TEREZ Marks</u>

25.     Upon information and belief, ZT first used the ZARA TEREZ Marks in or about September 2008 in connection with a line of high-priced handbags, ranging from approximately

9

$225 - $695.  At that time, ZT used the stylized ZARA TEREZ mark shown below (the "Stylized ZT Mark"):



26.     On or about November 12, 2009, ZT filed a trademark application (Serial No. 77/871,097) for the Stylized ZT Mark for handbags in Class 18, claiming a date of first use of September 1, 2008.  The USPTO issued an Office Action on or about February 25, 2010, refusing registration of the Stylized ZT Mark because of the likelihood of confusion with Inditex's prior registrations for the ZARA Marks.  ZT did not file a response to the Office Action and abandoned the application.

27.     Thereafter, on or about May 24, 2010, ZT filed another trademark application (Serial No. 85/046,063), this time seeking to register the TEREZ BY ZARA TEREZ word mark for jewelry in Class 14 and handbags in Class 18, claiming a date of first use of April 3, 2010. On or about September 14, 2010, Zara filed a Letter of Protest with the USPTO, objecting to the registration of the TEREZ BY ZARA TEREZ mark. The letter of protest was granted on or about September 30, 2010, and the USPTO issued an Office Action on or about October 1, 2010, citing Inditex's prior registrations for the ZARA Marks.  ZT did not file a response to the Office Action and abandoned the application.

US2008 7303641 1

28.     Zara, through counsel, sent a letter to ZT on or about July 21, 2010, expressing its concern that ZT's use of the ZARA TEREZ Marks for handbags would lead to consumer confusion with Zara's famous ZARA mark—"the cornerstone of [Zara]'s brand identity." Zara pointed out that ZT's earliest claimed date of first use of the ZARA TEREZ Marks post-dated Zara's adoption of the ZARA mark by at least 19 years in the United States and 33 years internationally. Zara observed that ZT's inclusion of a disclaimer on its website that it "is in no way connected to or associated with Zara International Inc." indicated that ZT had already encountered consumer confusion (this disclaimer no longer appears on ZT's website) and that the USPTO had already concluded that there was a likelihood of confusion. Zara further explained that "Zara is an unusual first name, [] unique to [Zara] as a registered trademark" and "[t]he fact that [ZT] use[s] 'Zara Terez,' rather than 'Zara' alone, is insufficient to avoid confusion . . . [as Zara] uses a number of marks that combine Zara with words that have no meaning in the English language, such as Zara TRF and Zara Trafaluc." Zara concluded by requesting that ZT voluntarily cease use of the ZARA TEREZ Marks and agree not to use any marks incorporating "Zara." A true and correct copy of Zara's July 21, 2010 letter is attached hereto as Exhibit D.

29.     On or about September 20, 2010, ZT responded, through counsel, to Zara's letter, asserting that Zara's concerns were unfounded. ZT's counsel referred to ZT throughout as a handbag designer; represented that ZT employed the Stylized ZT Mark depicted in Paragraph 25 above; and represented that ZT's designer handbags were sold at a higher price point than Zara's handbags. ZT made no mention of any past, present, or intended use of the ZARA TEREZ

11

Marks in a non-stylized form; in connection with apparel, other fashion accessories or home products; or in connection with products sold at a lower price point.

30.     ZT's counsel further asserted that "Zara Terez" is the name of the brand's designer and "Zara Terez handbags will be taken for what they are: handbags designed by a designer named Zara Terez." However, according to ZT's counsel, the name of the designer is actually "Zara Terez Zimmerman." ZT's choice of Zara Terez rather than Zara Zimmerman reinforces the likelihood that American consumers will draw an association between ZT and the famous Spanish brand ZARA by evoking common Spanish surnames such as Perez and Lopez.

31.     As discussed in Paragraphs 26 and 27, above, the USPTO refused to register both of ZT's trademark applications to register marks incorporating ZARA TEREZ. ZT thereafter began applying to register a series of marks that did not include "Zara" or any of Zara's other ZARA Marks (such as GRAPHIC BY Z TEREZ, ZTEK, and ZT). Zara was therefore optimistic that ZT would cease use of the ZARA TEREZ Marks and transition to a new mark that was not confusingly similar to the ZARA Marks.

32.     Unfortunately, ZT did not stop using the ZARA TEREZ Marks. Notwithstanding the Office Actions it received from the USPTO and the demand letter it received from Zara underscoring the potential for confusion, ZT expanded its use of the ZARA TEREZ Marks and took other actions guaranteed to exacerbate the problem. First, ZT introduced a variety of new products under the ZARA TEREZ Marks, and it now offers a wide variety of clothing and accessories for women and children that are the very same types of products that have long been offered by Zara under the ZARA Marks. Second, ZT lowered its price points, which are now roughly comparable to Zara's price points. Third, ZT phased out its use of the Stylized ZT Mark

12

and now presents the name ZARA TEREZ in block lettering much closer to Zara's logo, as shown below.



Fourth, ZT began to offer ZARA TEREZ products internationally.

33.     ZT also employs the ZARA TEREZ Marks in non-stylized formats on its website *zaraterez.com* and on its products.

34.     Either ZT or third parties have identified ZT products as ZARA products or posted information about Zara on ZT's social media pages, as shown by the representative examples included in Exhibit E hereto.

35.     ZT's progressive encroachment on Zara's rights in the ZARA Marks significantly increases the likelihood of consumer confusion between the parties and their respective goods and services.

36.     Zara has retained an independent consumer research firm to perform a market survey assessing whether consumers believe there is an affiliation between the ZARA and ZARA TEREZ brand names.  This research confirmed that approximately half of prospective customers believe that the ZARA TEREZ brand is either owned by or otherwise affiliated with the ZARA brand, when in fact there is no such association.

13

37.    ZT's use of the ZARA TEREZ Marks is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the products and services offered under the marks are affiliated with or come from Zara, when in fact they are not.  Purchasers and prospective purchasers who are disappointed with ZT's products and services are likely to attribute their dissatisfaction to Zara.  The likelihood of confusion, mistake and deception engendered by ZT's actions is causing irreparable harm to Zara's reputation and goodwill and diluting the distinctiveness of the ZARA Marks.

38.    ZT has actual notice of Zara's prior rights in the ZARA Marks and the high potential for consumer confusion but has nevertheless continued to expand its use of the ZARA TEREZ Marks and progressively encroach upon Zara's core business.  ZT's conduct is willful in reckless disregard of Zara's legal rights.

## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. § 1114)

39.    Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 38 above, and incorporates them herein by reference.

40.    Inditex owns federal trademark registrations for the ZARA Marks, including the registrations included in Exhibit C hereto.

41.    ZT's unauthorized distribution, marketing, promotion, offering for sale, and sale of goods and services under the ZARA TEREZ Marks, which incorporate and are confusingly similar to Inditex's federally registered ZARA Marks, is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of ZT's goods and retail services.

14

42.     As a result of ZT's unauthorized use of the ZARA TEREZ Marks, which incorporate the ZARA mark in its entirety and are confusingly similar to Inditex's federally registered ZARA Marks, the public is likely to believe, erroneously, that ZT's goods and services have been approved by, or are affiliated with Inditex, and are subject to Inditex's quality control measures.

43.     ZT's infringement of Inditex's registered ZARA Marks is willful, intended to reap the benefit of the good will of Inditex, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44.     The aforesaid conduct of ZT is causing irreparable injury to Inditex and to its good will and reputation, and will continue to both damage Inditex and deceive the public unless enjoined by this Court.  Inditex has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zara and ZT, and the public interest would be served by enjoining ZT's use of the ZARA TEREZ Marks and any other designation that incorporate and are confusingly similar to Inditex's federally registered ZARA Marks.

### SECOND CLAIM FOR RELIEF
### FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION
### AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a)(1)(A))

45.     Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 44 above, and incorporates them herein by reference.

46.     The ZARA Marks are strong, highly distinctive source identifiers for Zara.  They are entitled to the broadest scope of protection.

15

47.     Inditex owns all rights in the ZARA Marks and Zara USA licenses the marks for brick-and-mortar retail store services in the U.S.  ZT is not authorized to use the ZARA Marks.

48.     ZT's distribution, marketing, promotion, offering for sale, and sale of goods and services under the ZARA TEREZ Marks, which incorporate and are confusingly similar to the ZARA Marks, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of ZT with Zara, or as to the origin, sponsorship, or approval of ZT's goods and services by Zara.

49.     ZT's conduct is willful, intended to reap the benefit of Zara's good will, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50.     The aforesaid conduct of ZT is causing irreparable injury to Zara and to its good will and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FOR FEDERAL TRADEMARK DILUTION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(c))

51.     Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 50 above, and incorporates them herein by reference.

52.     The ZARA mark is famous throughout the U.S., having been used exclusively and extensively by Inditex for many years.  By reason of extensive use and sales, the ZARA mark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

16

53.     ZT's unauthorized use of the ZARA TEREZ Marks, which incorporate and are confusingly similar to Inditex's federally registered ZARA mark, began after the ZARA mark became famous.

54.     ZT's unauthorized use of the ZARA TEREZ Marks, which incorporate and are confusingly similar to Inditex's federally registered ZARA mark, is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the ZARA mark by lessening its capacity to identify and distinguish Inditex exclusively as the source of goods and services bearing that mark and is likely to tarnish, does tarnish, and will continue to tarnish the ZARA mark by associating it with products and services of inferior quality, in violation of 15 U.S.C. § 1125(c).

55.     The aforesaid conduct of ZT is causing irreparable injury to Inditex and to its good will and reputation, and will continue to both damage Inditex and deceive the public unless enjoined by this Court.  Inditex has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF
FOR DILUTION UNDER THE LAW OF NEW YORK
(N.Y. GBL § 360- l)**

56.     Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 55 above, and incorporates them herein by reference.

57.     The ZARA mark is distinctive and well-known throughout the U.S.  By reason of Zara's extensive use, the ZARA mark has become a distinctive source identifier of the ZARA brand, and the ZARA mark is associated exclusively with Zara, including by consumers in the State of New York.

17

58.     ZT's unauthorized use of the ZARA TEREZ Marks, which incorporate and are confusingly similar to Zara's ZARA mark, began after the ZARA mark became well-known and distinctive.

59.     ZT's unauthorized use of the ZARA TEREZ Marks, which incorporate and are confusingly similar to Zara's ZARA mark, is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the ZARA mark by lessening its capacity to identify and distinguish Zara exclusively as the source of goods bearing that mark and is likely to tarnish, does tarnish, and will continue to tarnish the ZARA mark by associating it with products and services of inferior quality, in violation of N.Y. GEN. BUS. LAW § 360-l.

60.     The aforesaid conduct of ZT is causing irreparable injury to Zara and to its goodwill and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF FOR**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**<u>(N.Y. GEN. BUS. LAW § 349)</u>.**

61.     Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 60 above, and incorporates them herein by reference.

62.     By reason of the acts set forth above, ZT has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York's General Business Law § 349, and upon information and belief the unfair and deceptive trade practices statutes of several states.

63.     The public is likely to be damaged as a result of ZT's deceptive trade practices or acts.

18

US2008 7303641 1

64.     The aforesaid conduct of ZT is causing irreparable injury to Zara and to its goodwill and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF FOR
## COMMON LAW UNFAIR COMPETITION

65.     Zara repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 64 above, and incorporates them herein by reference.

66.     ZT's unauthorized advertising, distribution and sale of goods and services under the ZARA TEREZ Marks, which incorporate and are confusingly similar to Zara's ZARA Marks, constitutes a false designation of origin and a false description or representation that ZT's goods and services are authorized by Zara, and is thereby likely to confuse consumers.

67.     ZT is using the ZARA TEREZ Marks with full knowledge that they incorporate and are confusingly similar to Zara's ZARA Marks.  ZT's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with the ZARA Marks.

68.     ZT's sale and distribution of goods and services under the ZARA TEREZ Marks, which incorporate and are confusingly similar to Zara's ZARA Marks, constitutes common law unfair competition.

69.     The aforesaid conduct of ZT is causing irreparable injury to Zara and to its goodwill and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

19

**WHEREFORE**, Zara demands judgment as follows:

1.      That an injunction be issued enjoining ZT, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by ZT, and all those in active concert and participation with ZT, and each of them who receives notice directly or otherwise of such injunction from:

a)      using the ZARA TEREZ Marks or any other mark incorporating the term ZARA for any goods or services;

b)      manufacturing, offering, selling, marketing, promoting, advertising, or providing any goods or services under the ZARA TEREZ Marks or any other marks or designations that are confusingly similar to the ZARA Marks;

c)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by ZT, or any service offered or rendered by ZT, is in any manner associated or connected with Zara, or is licensed, sponsored, approved, or authorized by Zara;

d)      engaging in any other activity constituting unfair competition with Zara, or constituting infringement of the ZARA Marks;

e)      taking any action, including the use of the ZARA TEREZ Marks or variants thereof, that dilutes the unique association between the ZARA Marks and Zara, or that tarnishes the reputation or image of Zara;

f)      disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind,

US2008 7303641 1

including invoices, correspondence, books of account, receipts or other documentation relating

or referring in any manner to any retail services offered in connection with the ZARA TEREZ

Marks, or any other mark or designation that is confusingly similar to any of the ZARA Marks;

      g)     instructing, assisting, aiding or abetting any other person or entity in engaging in

or performing any of the activities referred to in subparagraphs (a) through (f) above;

      2.     Directing that ZT recall from all distributors, retailers, or other recipients any and

all infringing or dilutive products and packaging sold or distributed by ZT and, upon recall, to

deliver such goods up to Zara's counsel for destruction or donation at ZT's cost;

      3.     Directing that ZT cease use of the domain name ***zaraterez.com*** and cancel any

advertising regardless of medium using the ZARA TEREZ Marks, or any mark or designation

that is confusingly similar to any of the ZARA Marks;

      4.     Directing that ZT deliver to Zara's counsel for destruction at ZT's cost all signs,

products, packaging, promotional material, advertising material, catalogs, and any other items

bearing the ZARA TEREZ Marks, or any mark or designation that is confusingly similar to any

of the ZARA Marks;

      5.     Requiring ZT to account for and pay over to Zara three times the profits realized

by ZT from its infringement and dilution of the ZARA Marks and unfair competition with Zara;

      6.     Awarding Zara its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and

(b), arising out of ZT's acts of willful trademark infringement, unfair competition and trademark

dilution;

7. Awarding Zara its actual damages, trebled pursuant to N.Y. GEN. BUS. LAW §§ 349(h) and 360-m, arising out of ZT's acts of willful and deceptive trade practices and dilution of the distinctive quality of the ZARA Marks;

8. Awarding Zara interest, including pre-judgment interest, on the foregoing sums;

9. Awarding Zara its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b), as well as N.Y. GEN. BUS. LAW §§ 349(h) and 360-m;

10. Directing that ZT file with the Court and serve upon Zara's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which ZT has complied with the above; and

11. Awarding Zara such other and further relief as the Court may deem just and proper.

DATED: July 9, 2015                    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____

Lisa Pearson (LP 4916)
lpearson@kilpatricktownsend.com
Olivia Harris (OH 1983)
oharris@kilpatricktownsend.com
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiffs*

US2008 7303641 1